IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BRENDA S. LEMM                                                    PLAINTIFF

v.                              Case No. 3:15-cv-00238 JTK

CAROLYN W. COLVIN, *Acting Commissioner*,
SOCIAL SECURITY ADMINISTRATION                                   DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff Brenda S. Lemm appeals the final decision of the Acting Commissioner of the

Social Security Administration (Acting Commissioner) denying her claim for supplemental

security income (SSI).  Both parties have submitted appeals briefs, and the case is ready for

decision.[1]  The only issue before the Court is whether the Acting Commissioner's decision is

supported by substantial evidence.  After reviewing the administrative record and the arguments

of the parties, the Court finds that the Acting Commissioner's decision is unsupported by

substantial evidence.

### Procedural History

Plaintiff protectively filed her application for SSI on April 25, 2013, alleging a disability

onset date of April 12, 2012.  She claims disability due to a left dislocated hip, bilateral hand pain

and right knee pain.  Plaintiff's claims were denied at the initial and reconsideration levels.  On

March 25, 2014, the administrative law judge (ALJ) held an administrative hearing, and on

October 23, 2014, issued an unfavorable opinion. Plaintiff requested that the Appeals Council

---

[1]The parties have consented to the jurisdiction of a Magistrate Judge (DE #4).

review the decision, but the Appeals Council found no reason under its rules to review the ALJ's

decision.  Therefore, the Appeals Council denied the request for review. It is from this decision

that Plaintiff now brings her appeal.

## Administrative Proceedings

Plaintiff was 59 years old at the time of the administrative hearing.  She completed high

school and had past relevant work as a salon owner/cosmetologist.  The ALJ applied the five-

step sequential evaluation process to Plaintiff's claim.[2]  Plaintiff satisfied the first step because

she had not engaged in substantial gainful activity since her application date.  At step two, the

ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease,

carpal tunnel syndrome, obesity, and degenerative joint disease.  At the third step, the ALJ found

Plaintiff did not have an impairment or combination of impairments that met or medically

equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1

("listing").  Further, the ALJ found Plaintiff's medically determinable impairments could

reasonably be expected to cause her alleged symptoms but that her statements concerning the

intensity, persistence and limiting effects of those symptoms were not entirely credible.  The ALJ

found Plaintiff retained the residual functional capacity (RFC) to perform light work,[3] except

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work.  Through step four of this analysis, the claimant has the burden of showing that he is disabled.  Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

[3]**Light** work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very

that she could only frequently use her right hand to handle and finger.   At step four, the ALJ

found Plaintiff could perform her past relevant work as a cosmetologist.   Accordingly, the ALJ

found Plaintiff was not under a disability.

## Standard of Review

The Court's limited function on review is to determine whether the Commissioner's

decision is supported by substantial evidence on the record as a whole and free of legal error.

*Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g).   Substantial evidence

is "less than a preponderance, but enough that a reasonable mind might accept it as adequate

to support a decision."   *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v.*

*Chater*, 107 F.3d 674, 676 (8th Cir. 1997)).   The Commissioner's decision cannot be reversed

merely because substantial evidence would have supported an opposite decision.   *Sultan v.*

*Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004).   However, "[t]he substantial evidence test employed

in reviewing administrative findings is more than a mere search of the record for evidence

supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987).

"'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis."   *Id.*

(quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)).   "In reviewing the administrative

decision, '[t]he substantiality of evidence must take into account whatever in the record fairly

detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal*

---

little, a job is in this category when it requires a good deal of walking or standing, or when it
involves sitting most of the time with some pushing and pulling of arm or leg controls.  To
be considered capable of performing a full or wide range of light work, you must have the
ability to do substantially all of these activities.  If someone can do light work, we determine
that he or she can also do sedentary work, unless there are additional limiting factors such as
loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 416.967(b).

*Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## Discussion

On appeal, Plaintiff argues the Commissioner's decision at step four that she can perform her past relevant work is not supported by substantial evidence on the record as a whole. Specifically, Plaintiff contends the ALJ wrongly rejected the opinion of treating physician Travis Richardson, D.O. and gave greater weight to the opinion of Roger Troxel, M.D., the one-time consultative examiner. Dr. Richardson's records were submitted to the Appeals Council after the administrative hearing, and Plaintiff argues this evidence justifies remand. The Appeals Council determined however that remand was not required.

At step four, the ALJ determines whether a claimant can return to her past relevant work. If step four is reached, the ALJ is required to evaluate the claimant's ability to perform her past relevant work under the following guidelines:

> (f) Your impairment(s) must prevent you from doing past relevant work. If we cannot make a determination or decision at the first three steps of the sequential evaluation process, we will compare our residual functional capacity assessment, with the physical and mental demands of your past relevant work. If you can still do this kind of work, we will find that you are not disabled.

*See* 20 C.F.R. § 416.920(f). The burden at step four remains with the claimant to prove her RFC and establish that she cannot return to her past relevant work. *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009).

It is well-settled that a treating physician's opinion is entitled to substantial weight "unless it is unsupported by medically acceptable clinical or diagnostic data." *Bergmann v. Apfel*, 207 F.3d 1065, 1069 (8th Cir. 2000) (quoting *Kirby v. Sullivan*, 923 F.2d 1323, 1328 (8th Cir. 1991)). This

Court, however, is not faced with the questions of the Commissioner's step-four analysis or the weight given to Dr. Richardson's opinion. Rather, this Court must also consider that question in light of the fact that most of the records from Dr. Richardson were submitted subsequent to the ALJ's unfavorable decision and reviewed for the first time by the Appeals Council.

"In cases involving the submission of supplemental evidence subsequent to the ALJ's decision, the record includes that evidence submitted after the hearing and considered by the Appeals Council." *Bergmann v. Apfel*, 207 F.3d at 1068.

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.

20 C.F.R. § 416.1470(b). "Under this regulation, if a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Whitney v. Astrue*, 668 F.3d 1004, 1006 (8th Cir. 2012) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)) (emphasis in original).

> To be "new," evidence must be more than merely cumulative of other evidence in the record. *See Williams*, 905 F.2d at 216 (concluding that psychiatrist's report was new because it was not merely cumulative but instead presented more specific findings and conclusions). To be "material," the evidence must be relevant to claimant's condition for the time period for which benefits were denied. *See id.* Thus, to qualify as "material," the additional evidence must not merely detail after-acquired conditions or post-decision deterioration of a pre-existing condition. *See Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir.1997) (holding immaterial evidence detailing a single incident occurring after decision and noting proper remedy for post-ALJ deterioration is a new application);

> *Williams*, 905 F.2d at 216 (finding that despite failure to identify onset date, doctor's report was material because it provided sufficient basis to conclude it related to the relevant time).

*Bergmann v. Apfel*, 207 F.3d at 1069-70.

The undersigned concludes that the additional evidence submitted to the Appeals Council did not undermine the ALJ's RFC determination. The evidence was not material, as most of the records were subsequent to the time period for which benefits were denied.

Further, the ALJ's step four determination is supported by substantial evidence. The ALJ properly considered all of the medical and other relevant evidence of record in making his RFC determination, including Plaintiff's descriptions of limitations, observations of treating and examining physicians and others, and medical records including any observations therein. The ALJ noted Plaintiff's conservative treatment, noncompliance with prescribed medication recommendations, and lack of functional limitations that amount to an inability to perform any work activity. Thus, the ALJ's RFC is supported by some medical evidence that is sufficiently clear to allow for an understanding of how Plaintiff's limitations function in a work environment. Therefore, substantial evidence supports the RFC determination. *See Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007) (finding substantial evidence to supports the RFC determination because the ALJ's RFC was supported by medical evidence that sufficiently allowed for an understanding of how Plaintiff's limitations functioned in a work environment).

Finally, Plaintiff asserts the ALJ gave "great weight" to the opinion of Dr. Troxel, the one-time consultative examiner and that his opinion did not constitute substantial evidence for several reasons, including (1) the opinion was not supported by better or more thorough evidence than

Dr. Richardson's opinion, (2) his opinion was given in June 2013, before she received treatment from other doctors, (3) he found no physical restrictions whatsoever—something the ALJ did not even believe, and (4) Dr. Troxel never examined her.  The ALJ reviewed all evidence and not just Dr. Troxel's opinion.  While the ALJ's opinion states that he gave Dr. Troxel's opinion "great weight," it also outlined greater limitations than even Dr. Troxel attributed to Plaintiff, giving consideration as it should to all record evidence.  Neither of Plaintiff's physicians, treating or consultative, found Plaintiff incapable of performing any work activity.  An "ALJ's arguable deficiency in opinion-writing technique does not require us to set aside a finding that is supported by substantial evidence."  *Carlson v. Chater*, 74 F.3d 869 (8th Cir. 1996).  Further, the RFC determination is supported by other medical evidence found in the record.  It appears that Dr. Troxel completed and signed the consultative examination results, and the ALJ did not delve further into Plaintiff's testimony at the administrative hearing that she did not see Dr. Troxel but instead a female in his office.  The Court's function is to uphold the Commissioner's decision unless it is not supported by substantial evidence on the record as a whole.  *Eichelberger v. Barnhart*, 390 F.3d 584, 589 (8th Cir. 2004).  The ALJ's conclusion under step four is supported by substantial evidence.

## Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the Commissioner's final determination and dismisses Plaintiff's Complaint with prejudice.

SO ORDERED this 2nd day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE